**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHARLES FINK                                    Civil Action No. _____

        Plaintiff,

  v.

NORFOLK SOUTHERN CORPORATION,

        Defendant.                         JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Charles Fink, by undersigned counsel files this Complaint and in support alleges the following.

### I. Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101, *et seq.* as amended; 28 U.S.C. §§ 1331 and 1343(a)(4); and 29 U.S.C. §2617(a)(2) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2.      Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in or around Greene County.

### III. Administrative Remedies

3.      Fink has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq.* in that:

        a.    On or about May 10, 2012, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Pennsylvania Human Relations Commission.

b.      Plaintiff received a Notice of Right to Sue from the EEOC dated February 24, 2017.

c.      This case was filed within 90 days of receipt of the Notice of Right to Sue.

d.      More than one year has lapsed since the date Plaintiff filed his PHRC complaint.

### IV.  Parties

4.      Fink is an adult individual who resides at 219 South Morris Street, Waynesburg, Pennsylvania 15370.

5.      Defendant, Norfolk Southern Corporation is a foreign corporation registered to conduct business in Pennsylvania with its principal place of business at 3 Commercial Place, Norfolk, Virginia 23510.

6.      At all times relevant hereto, Defendant is and was an employer within the meaning of the ADA, 42 U.S.C. §§ 12111(2) and (5)(A), as amended, in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year and within the meaning of 43 Pa. Cons.Stat.Ann. § 955, as it employs 4 or more individuals.

7.      At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### V.  Facts

8.      Fink started working for Defendant in 1973 as a Brakeman.

9.      On December 14, 1977, Defendant promoted Fink to the position of

Conductor.

10.    Fink has Type I diabetes.

11.    Due to his Type I diabetes, Fink takes insulin and is limited in the major life activities of eating and endocrine function.

12.    On October 9, 2011, Defendant instructed Fink to attend Locomotive Engineering Training Class in McDonough, Georgia.

13.    As instructed, Fink made an appointment to have a physical exam at Concentra Medical Center in anticipation of the training.

14.    Prior to his medical appointment at Concentra Medical Center, Fink spoke with Pete Hunt, Road Foreman of Engines, and explained that Fink had previously been advised he could not be an Engineer due to his diabetes.

15.    At that time, Hunt told Fink that as a condition of employment as a Conductor, Fink was required to complete the Engineer training.

16.    Defendant did not require other Conductors, who did not have a disability or record of a disability, to attend the Engineering training.

17.    On October 17, 2011, prior to attending the Engineer training and without undergoing any medical examination, Fink was advised by Defendant's Director of Medical Services, Dr. C.R. Preble, that he was being pulled from his position because he was not medically fit for service as a Conductor.

18.    At Defendant's request, Fink provided documentation from two physicians who cleared Fink to return to work without restrictions.

19.    Fink provided all medical documentation requested by Defendant.

20.    Despite the medical clearances from two physicians, Defendant continued

to request additional medical information from Fink and refused to return Fink to work until December 16, 2012.

### Count I
### ADA – Disability Discrimination

21.    Fink incorporates by reference the allegations of paragraphs 1 through 20 as if fully restated herein.

22.    Fink is a qualified individual with a disability within the meaning of the ADA.

23.    Defendant placed Fink on a medical suspension because of his disability, record of disability and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

24.    Defendant's actions of suspending Fink for 14 months because of his disability, record of disability and/or perceived disability were undertaken with reckless indifference to Fink's federally protected right to be employed without regard for his disability.

25.    As a direct result of Defendant's discriminatory actions in violation of the ADA, Fink has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADA;

b.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

c.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits, he would have received had it not been for

4

Defendant's illegal treatment of Plaintiff, with interest;

d.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

e.      That Defendant be ordered to pay Plaintiff punitive damages;

f.      That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## PHRA

26.     Fink incorporates paragraphs 1 through 25 as though the same had been fully set forth at length herein.

27.     Defendant placed Fink on a medical suspension because of his disability, perceived disability and/or record of disability in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

28.     Defendant's discrimination of Fink was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) *et seq.*

29.     As a direct result of Defendant's discriminatory actions in violation of the PHRA, Fink has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

c.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

d.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

e.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the PHRA;

f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

g.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**JOHNSTON LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813
Colleen Ramage Johnston
PA I.D. No. 64413
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@johnstonlykos.law
cjohnston@johnstonlykos.law

Attorneys for Plaintiff

6